RECEIVED
MAR - 9 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JENNIFER KARLE, et al.** | **CIVIL ACTION NO. 09-1022** |
| -vs- | **JUDGE DRELL** |
| **ECONOMY PREMIER ASSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KIRK** |

# R U L I N G

Before the Court is the Motion for Reconsideration (Document No. 43) filed by Economy Premier Assurance Company ("Economy"), which asks this Court to revisit its August 23, 2010 Ruling and Order (Document Nos. 41 and 42) denying Economy's Motion for Summary Judgment (Document No. 27). The matter has been thoroughly briefed, and the Court finds no need for oral argument. For the reasons set forth herein, the Motion for Reconsideration will be GRANTED.

The background and basic analysis set forth in this Court's August 23, 2010 Ruling (Document No. 41) are correct and need not be repeated here.[1] We did, however, err on page 7 of our Ruling by quoting Economy's limitation of liability from the body of the policy rather than from "Endorsement V702." The Limit of Liability section of Economy's Uninsured and Underinsured Motorists coverage, as modified by the Endorsement, reads:

---

[1] Although the language of Fed. R. Civ. P. 56 was modified effective December 1, 2010, the comments regarding the amendments show the standard for granting summary judgments remains unchanged.

> The limit of liability shown in the Declarations for "each person" is the most **we** will pay *to all persons* for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by any one person as the result of any one accident. Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for **bodily injury** liability, is the most **we** will pay *to all persons* for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by two or more persons resulting from any one accident. This is the most **we** will pay regardless of the number of:
>
> 1. covered persons;
>
> 2. claims made;
>
> 3. vehicles or premiums shown in the Declarations; or
>
> 4. vehicles involved in the accident.

(Document No. 27-4, Endorsement V702, p. 3, and main policy, p. 12) (bold included in original) (italics added).

The italicized phrase "to all persons" constitutes the only substantive change between the limit of liability section in the main policy and that in the endorsement. However, this one phrase has far-reaching implications regarding the instant case.

In our initial Ruling, we found, in accordance with Hill v. Shelter Mutual Ins. Co., 935 So.2d 691, 694 (La. 2006), that the general term "bodily injury" as used in the Economy policy, encompassed emotional injuries. We also found, in harmony with Crabtree v. State Farm Ins. Co., 632 So.2d 736, 738 (La. 1994), that the phrase "**bodily injury** sustained by any one person" in the limit of liability section, in the absence of any further explanation, did not necessarily include mental distress suffered by others who did not sustain physical injuries in the accident at issue. Therefore, the "each accident"

limit in the Economy policy, rather than just the "each person" limit was exposed regarding the wrongful death claims of the decedent's parents, Ms. Karle and Mr. Graham. We noted, however, the Louisiana Supreme Court's suggestion in Hill that if an insurer,

> desired to limit its liability for "bodily injuries" to others, it could have done so by using the language we recommended in Crabtree: "Bodily injury" sustained by one person includes all injury, including bodily injury, and damages to others resulting from this bodily injury.

Hill, 935 So.2d at 694-695. The Hill Court further stated, "We do not imply that this language is the only possible language which would limit liability." Id. at n. 2.

In Hebert v. Webre, 982 So.2d 770, 773 (La. 2008), the court found wrongful death and survival claims were included in the "each person" limit of liability under policy language which provided:

> "Each Person" is the amount of coverage for all damages due to **bodily injury** to one **person**. "**Bodily injury** to one **person**" includes all injury and damages to others resulting from this **bodily injury**, and all emotional distress resulting from this **bodily injury** sustained by other **persons** who do not sustain **bodily injury**.

Although the Economy Endorsement does not create a subset of "bodily injury" and, thus, does not follow the exact formula suggested by the Hill and Crabtree courts or the language in the Hebert policy, it accomplishes the same end. Specifically, the Endorsement makes it clear that the "each person" limit shown on the Declarations page ($100,000 in the instant case) constitutes the total amount Economy will pay "to all persons for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by any one person as the result of any one accident." (Document No. 27-4, Endorsement V702, p.

3) (emphasis in original). Therefore, as to the bodily injury sustained by the decedent, the parents' claims for wrongful death, emotional distress, etc. are subsumed into that bodily injury and are included in the "each person" limit.[2]

As to the legal interest issue, the Court's calculation shows the appropriate amount of interest due through August 17, 2009, the date the funds were received into the Registry of the Court was $2,908.22. Although only $2,802.74 was initially paid by Economy, the shortfall was corrected by submission of a second check in the amount of $105.48.

For these reasons, we find Economy has properly limited its liability for the claims of Ms. Karle and Mr. Graham to the "each person" total of $100,000 and has appropriately deposited its policy limits, plus the applicable legal interest, into the Registry of this Court. Accordingly, Economy's Motion for Reconsideration (Document No. 43) will be GRANTED, and all claims against Economy Premier Assurance Company will be DISMISSED WITH PREJUDICE.

SIGNED on this 8th day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[2] We note that the Pretrial Stipulations filed on March 3, 2011 (Document No. 53) clarify the absence of claims under La. Civ. Code art. 2315.6 for damages sustained by witnessing injury to another.